OPINION
{¶ 1} Defendant-appellant Michael Shahan appeals from the Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator as defined in R.C. 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 29, 2002, the Stark County Grand Jury indicted appellant on three counts of rape (with force specifications) in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. The indictment alleged that appellant had committed the above offenses as a continuous course of conduct over the period from June 1, 2001, to January 3, 2002. The victim was appellant's eleven year old biological daughter. At his arraignment on February 1, 2002, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} The Bill of Particulars, which was filed on February 8, 2002, indicated that appellant, as a continuing course of conduct during such period, "did insert his fingers, penis and tongue into the victim[`s] . . . vagina and anus, by force or threat of force" when the victim was less than thirteen years of age.
 {¶ 4} Thereafter, on April 29, 2002, appellant pled guilty to one count of rape with a force specification, two counts of rape, and one count of gross sexual imposition. The two other force specifications to the rape charges were dismissed upon motion of the State. As memorialized in a Judgment Entry filed on May 7, 2002, the trial court, on April 30, 2002, sentenced appellant to life imprisonment on the rape with force charge, to ten years in prison on the other two statutory rape charges and to five years in prison on the gross sexual imposition charge. The trial court, in its entry, ordered that the sentences be served concurrently.
 {¶ 5} The trial court also held a sexual predator classification hearing on April 30, 2002. At the sexual predator hearing, appellant's statement to the police was submitted to the trial court. As noted by the trial court:
 {¶ 6} "The defendant, in his statement, in his own words, described the contact as being and involving anything from foreplay to actual sexual penetration of the penis into the vagina. He also described in his statement conduct consisting of what he described as oral sex and anal penetration, as well. He indicates that the conduct lasted each time somewhere between 15 minutes to less than an hour." Transcript at 37-38. As memorialized in a Judgment Entry filed on May 2, 2002, the trial court adjudicated appellant a sexual predator.
 {¶ 7} It is from the trial court's entry adjudicating him a sexual predator that appellant now appeals, raising the following assignment of error:
 {¶ 8} "The trial court erred to the prejudice of appellant Shahan by violating Ohio Revised Code 2950.08(B)(3)[SIC] [2950.09(B)(3)] when finding him to be a sexual predator after the state failed to show by clear and convincing evidence that appellant Shahan was likely to engage in future sexually oriented offenses."
 I {¶ 9} In his sole assignment of error, appellant contends that the trial court's classification of him as a sexual predator, as defined in R.C. 2950.01(E), was not supported by clear and convincing evidence. Appellant specifically contends that there was not clear and convincing evidence that he was likely to engage in sexually oriented offenses in the future.
 {¶ 10} Revised Code 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 11} Appellant was convicted of rape, in violation of R.C.2907.02, and gross sexual imposition in violation of R.C. 2907.05. Rape and gross sexual imposition are defined as sexually oriented offenses under R.C. 2950.01(D).
 {¶ 12} In making a determination as to whether an offender should be adjudicated a sexual predator, the trial court shall consider all relevant factors, including, but not limited to all of the factors specified in division (B)(3) of R.C. 2950.09. See R.C. 2950.09(C)(2)(b). Those factors are:
 {¶ 13} "(a) The offender's or delinquent child's age;
 {¶ 14} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 15} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 16} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 17} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 18} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 19} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 20} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 21} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 22} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 23} The trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C. 2950.09(C)(2)(b).
 {¶ 24} We review appellant's assignment of error under the manifest weight of the evidence standard set forth in C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
 {¶ 25} We find that the trial court did not err in adjudicating appellant a sexual predator since there was competent, credible evidence supporting the trial court's decision. As developed at the sexual predator hearing, appellant was thirty three years old and his daughter was eleven years old at the time of the offenses. Appellant's conduct with his daughter, which took place over an extended period of time from June 1, 2001, to January 3, 2002, involved foreplay, oral and anal sex and sexual intercourse. According to appellant's confession, the sexual contact took place approximately two to three times a week and only ceased once appellant's wife caught appellant in bed with their daughter. The trial court specifically stated on the record in holding that appellant was a sexual predator:
 {¶ 26} "Mr. Haupt, you argued on behalf of your client that there was nothing in the record to indicate that he would continue to so offend.
 {¶ 27} "I believe the Fifth District and the case law is such that his recent past conduct is certainly indicative of his present — is certainly an indicator of his, ah, um, future conduct and impulses.
 {¶ 28} "And based upon this conduct alone; that is, ah, the relationship he had with this victim, the trust that he breached with his victim, the type of activity in which he engaged with his victim, and — and the Court is sitting here using the word "victim," knowing all along, all the time that this victim is this man's daughter, his biological daughter. He most definitely breached the trust that a father shares with a daughter and he, instead of nurturing his young daughter, sexually molested her over a period of months. And the classification of sexual predator absolutely fits the behavior in this case." Transcript at 38-39.
 {¶ 29} Accordingly, based on the foregoing, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(3) and that there was competent, credible evidence to support the sexual predator findings made by the trial court at the sentencing hearing. We further find that the evidence presented to the trial court at the hearing supports the finding that appellant is a sexual predator and is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 30} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 31} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
By Edwards, J., Gwin, P.J. and Boggins, J. concur.
topic: In Re: Sexual Predator.